IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS ADAM LEWIS,<br>    #56283-177,<br>            MOVANT,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>            RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. 3:19-CV-1689-B-BK<br>(CRIMINAL NO. 3:17-CR-542-B-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Thomas Adam Lewis' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

**I. BACKGROUND**

Lewis pled guilty, pursuant to a plea agreement, to the attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), and was sentenced to 260 months' imprisonment and a five-year term of supervised release. Crim. Doc. 35.[1] His direct appeal was subsequently dismissed as frivolous under *Anders v. California*, 386 U.S. 738 (1967). Crim. Doc. 51. On July 15, 2019, Lewis timely filed this § 2255 motion. Doc. 2. In his original and supplemental filings, he challenges the voluntariness of his guilty plea and alleges ineffective

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Lewis*, No. 3:17-CR-542-B-1 (N.D. Tex. June 29, 2018).

assistance of counsel at sentencing and on direct appeal. Doc. 2 at 5-8; Doc. 10 7. Specifically, Lewis asserts that (1) defense counsel failed to (a) object to the pattern-of-conduct enhancement, (b) file a motion for downward departure, and (c) correct information in the Presentence Report ("PSR") about Lewis' steroid use, and (2) appellate counsel failed to raise an issue on direct appeal. Doc. 2 at 5-8; Doc. 10 at 7. The Government has filed a response opposing § 2255 relief. Doc. 13. Lewis has not filed a reply.

Upon review, the Court finds that Lewis cannot show that his plea was invalid and that counsel was constitutionally ineffective. Thus, his § 2255 motion fails on the merits.

## II. ANALYSIS

### A. The Plea was Knowing and Voluntary

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (finding that to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

In addition, when challenging the validity of his guilty plea, a movant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). The movant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30

F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly).

In his first ground, Lewis challenges the voluntariness of his guilty plea. Doc. 2 at 4. He asserts defense counsel did not "explain[] the details of attempted production" and "never informed [him] about the transportation of visual depictions across interstate commerce." *Id.* ("It was my understanding that by me asking the cop for pics was enough to make the charge …."). Lewis also claims he lacked the requisite intent to commit the crime of attempted production of child pornography because he "did not have any child porn in [his] possession" and "never discussed with anyone about sending child porn." *Id.*

Lewis' allegations are unsupported and belied by the record, including his previous sworn testimony. At rearraignment, he affirmed under oath that he had discussed, knew, and understood the essential elements of the offenses to which he was pleading guilty and admitted that he had committed each of them. Crim. Doc. 49 at 16-17. Lewis conceded he was fully satisfied with the representation and advice that he had received from counsel. Crim. Doc. 49 at 17-18.

He also confirmed that he had reviewed the factual resume in detail with counsel before signing it, that the stipulated facts contained therein were true, and that he understood them. Crim. Doc. 49 at 24-25. Lewis' factual resume provides in relevant part:

> [O]n or about August 4, 2017, in the Dallas Division of the Northern District of Texas . . . [Lewis] attempted to persuade and induced John Doe #1, a person he believed was under the age of eighteen (18) years, to send him sexually explicit photos of himself using text messaging and the internet. He stipulates that at the time he attempted to persuade John Doe # 1 to send him the nude photos, he believed he was 13 years old. He further admits that the images he was requesting were of the lewd and lascivious exhibition of the genitals and pubic area of a minor as defined in 18 U.S.C. § 2256. He also agrees that he wanted John Doe #1 to send the images using text messaging and the Internet, all means of interstate and foreign commerce and in and affecting interstate and foreign commerce.

Crim. Doc. 17 at 16.

Lewis' stipulations of fact support his guilty plea and wholly contradict his purported misunderstanding of the interstate or foreign commerce element. Indeed, the factual resume recounts numerous instances in which Lewis requested that Detective Poor's persona transmit nude pictures with his cell phone. Crim. Doc. 17 at 4-16. And, according to Lewis' stipulation of the relevant facts, "he wanted [Detective Poor's persona] to send the images *using text messaging and the Internet, all means of interstate and foreign commerce* and in and affecting interstate and foreign commerce." Crim. Doc. 17 at 16 (emphasis added).

Cell phones and the Internet are facilities of interstate commerce and their usage, even if only intrastate, is satisfactory to prove the interstate commerce element for federal crimes. *United States v. Phea*, 755 F.3d 255, 266 (5th Cir. 2014). It is also well established that the "transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce for the purposes of 18 U.S.C. § 2251." *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (cleaned up).

Lewis offers no reliable evidence to rebut the record or the Court's findings that his plea was supported by an adequate factual basis. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (noting movant must produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted his allegations). It is also notable that Lewis had ample time—more than six months between his guilty plea and the sentencing hearing—to contest his guilty plea and the contents of the Factual Resume, but he did not do so. Crim. Doc. 50 at 8-9.

On this record, Lewis' self-serving arguments that his guilty plea was unknowing and involuntary and not supported by a sufficient factual basis are plainly belied by the record and frivolous. Therefore, his first ground for relief fails.

### B. Ineffective Assistance Claims Also Fail

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the sentencing context, the movant must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

   1. *Failure to object to the pattern-of-conduct enhancement*

First, Lewis asserts counsel rendered ineffective assistance in failing to object to the five-level guidelines enhancement for engaging in a "pattern of activity involving prohibited sexual

conduct." Doc. 2 at 5. He avers that he was a first-time offender with no criminal background and that he had "no physical contact with a minor." *Id.* His assertions are unavailing, however.

An enhancement under USSG § 4B1.5(b)(1) is appropriate when the defendant is convicted of a covered sex crime, as in this case, and "on at least two separate occasions, [he] engaged in prohibited sexual conduct with a minor." USSG § 4B1.5 cmt. n.4(B)(i). The commentary defines prohibited sexual conduct to include "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)" or "the production of child pornography." USSG § 4B1.5 cmt. n.4(A)(i)-(ii). In addition, an "occasion of prohibited sexual conduct may be considered" regardless of whether it "occurred during the course of the instant offense[.]" USSG § 4B1.5 cmt. n.4(B)(ii)(I).

Here, the PSR recited ample evidence that Lewis had engaged in three instances of prohibited sexual activity between August 5 and 28, 2017. Lewis not only sought to produce sexually explicit images of Detective Poor's persona and of a 14-year-old minor, but he also obtained sexually explicit images of a 15-year-old's genitals. Crim. Doc. 28-1 at 11, 14, PSR ¶¶ 28, 44; USSG § 4B1.5 cmt. n.4(A)(ii). Because Lewis qualified for the pattern-of-conduct enhancement, any objection by counsel would have been futile, and counsel cannot be deemed ineffective for failing to make a meritless objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000). Accordingly, this ground has no merit.[2]

  2. *Failure to file a motion for downward departure*

Next, Lewis contends counsel was ineffective in refusing to file a motion for downward departure based on his military service and nursing career. Doc. 2 at 7. He avers counsel

---

[2] As the Government correctly notes, the PSR did not hinge this enhancement on Lewis' statement about engaging in sexual relations with his stepbrother and his friend. Doc. 2 at 5; Crim. Doc. 28-1 at 11, 14, PSR ¶¶28, 44.

advised him that "it would be used against me, because I was around the public and vulnerable patients." *Id.*  Lewis thus contends that counsel's failure unjustifiably "penalized" him for his successful career as a nurse. *Id.*  He is wrong.

First, military service does not support a downward departure absent exceptional circumstances, which simply are not present in this case. *See* USSG § 5H1.11 ("Military service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines.").

Second, at the sentencing hearing, counsel competently argued for the 15-year statutory minimum sentence—well below the 235-293-month guideline range—based on the sentencing factors.  Crim. Doc. 50 at 7-8.  Counsel's argument highlighted Lewis' difficult and abusive childhood, military service, and successful nursing studies and career, which were all detailed in the PSR previously adopted by the Court.  Crim. Doc. 50 at 7-8; Crim. Doc. 28-1 at 16-17, 19-21.  Lewis' claim thus amounts to nothing more than a disagreement about his counsel's sentencing strategy, which does not rise to the level of a constitutional violation. *See United States v. Allen*, 918 F.3d 457, 461 (5th Cir. 2019) (citing *Strickland*, 466 U.S. at 690).  "If a tactical decision is 'conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire [proceeding] with obvious unfairness.'" *United States v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (citation omitted).  But Lewis does not allege, much less prove, that counsel's tactical decision in refusing to request a downward departure was objectively unreasonable.  Doc. 2 at 7.

In any event, Lewis has not met his burden to demonstrate prejudice, to wit: that a motion for downward departure would have resulted in a lower sentence.  It stands to reason that if the

Court rejected arguments for a sentence at the low end of the guidelines range, it would not have departed downward below that range. After considering counsel's arguments and the detailed information in the PSR, including Lewis' military service and nursing career, the Court concluded that a 260-month sentence was justified based on the sentencing factors alone. Crim. Doc. 50 at 15. In particular, the Court expressed concern about Lewis' extensive activities and dealings with those he believed were minors. Crim. Doc. 50 at 15 ("This bothers me a lot … it causes me great concern" and "I think it is your own fault . . . [a]nd if you're looking at what we're trying to protect it's so hard to put a figure on it."). The Court also emphasized that "protecting children [was] the most important thing that the sentencing guidelines do. And – so that's what I have to do." *Id.* In the end, considering Lewis' actions and comparing them to others involved in similar situations, the Court felt that a sentence of 260 months was appropriate. Crim. Doc. 50 at 15 (emphasizing "safety of the community, deterrent effect, promoting respect for the law, [and] provide just punishment").

On this record, Lewis has not shown deficient performance or prejudice. Accordingly, this claim fails.

       3.  *Failure to correct information in the PSR*

Lewis also claims that counsel rendered ineffective assistance in failing to correct information in the PSR about his use of steroids. Doc. 10 at 7. He asserts that the incomplete information has since made him ineligible for the Bureau of Prisons Residential Drug Abuse Program (RDAP). *Id.* But he again shows no prejudice. To be sure, he does not assert any adverse impact on his guideline calculation or sentence and complains only that the BOP found him ineligible for RDAP. This ground for relief also lacks merit.

### C. Appellate Counsel was not Constitutionally Ineffective

In his last ground for relief, Lewis asserts appellate counsel provided ineffective assistance in failing to note in the *Anders* brief that "there was not enough evidence to charge me with attempted production." Doc. 2 at 8. His claim is meritless.

Contrary to Lewis' assertion, counsel's *Anders* Brief included "a possible" sufficiency of the evidence argument—observing "that asking for a nude picture does not suffice to meet the element of sexually explicit conduct." Appellant's Brief at 7 n.2. However, as appellate counsel aptly noted, Lewis had stipulated in the factual resume that "'the images he was requesting were of the lewd and lascivious exhibition of the genitals and pubic area of a minor as defined in 18 U.S.C. § 2256,' and the highly sexual nature of the discussion detailed in the factual resume validated that stipulation." *Id.* (citing Crim. Doc. 17 at 16).

Furthermore, Lewis did not file a response to counsel's *Anders* brief, himself failing to draw to the court's attention to any non-frivolous issues for appeal. Crim. Doc. 51. Upon review of counsel's *Anders* brief and the relevant portions of the record, the appellate court likewise concluded "that the appeal present[ed] no nonfrivolous issue for appellate review." *Id.* Obviously, this Court cannot and does not revisit that finding.

In sum, because Lewis identifies no nonfrivolous issue that could have been raised on appeal, he cannot show that counsel rendered constitutionally ineffective assistance in failing to do so. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that, when a petitioner asserts appellate counsel erroneously failed to file a merits brief, he must show that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue).

### III. CONCLUSION

For the foregoing reasons, Lewis' § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 10, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).